UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| KENTUCKY CONTAINER SERVICE, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:22-CV-119-CHB ) ) |
| v. | ) **MEMORANDUM OPINION AND** ) **ORDER** |
| KUEHNE + NAGEL, INC., | ) ) |
| Defendant. | ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss Plaintiff Kentucky Container Service, LLC's ("Kentucky Container") Complaint filed by Defendant Kuehne + Nagel, Inc. ("Kuehne"). [R. 12]. Kentucky Container responded to the Motion, [R. 13], and Kuehne replied, [R. 14]. This matter is fully briefed. For the reasons set forth herein, the Court will grant Kuehne's Motion to Dismiss.

**I.   BACKGROUND**

**A.  Procedural Background**

Kentucky Container filed this action on December 30, 2021, in Jefferson Circuit Court. [R. 1–1, Ex. A]. On February 24, 2022, Kuehne filed its Notice of Removal, and the case was removed to the United States District Court for the Eastern District of Kentucky. [R. 1]. Subsequently, on February 25, 2022, the case was transferred to the United States District Court for the Western District of Kentucky. [R. 5]. Attached to Kuehne's Notice of Removal as Exhibit B is a copy of Kentucky Container's Response to Kuehne's Motion to Dismiss, which was filed in state court. [R. 1–2, Ex. B]. However, upon removal to this Court, Kuehne failed to file a copy

of its Motion to Dismiss and its Reply. As a result, and as ordered by the Court, the Clerk of Court re-docketed Kuehne's Motion to Dismiss, Kentucky Container's Response, and Kuehne's Reply in the federal record. [R. 11, p. 1 ¶ 1]; *see also* [R. 12; R. 13; R. 14]. Kuehne's Motion to Dismiss is now ripe for review.

### B. The Complaint

Kentucky Container's Complaint alleges the following facts. On January 14, 2021, Kentucky Container received a Notice of Penalty or Liquidated Damages Incurred and Demand for Payment ("Notice") from the Department of Homeland Security ("DHS"), which demanded Kentucky Container to pay liquidated damages totaling $147,878.00. [R. 1–1, Ex. A, pp. 6 (¶¶ 7–8), 13]. DHS demanded such damages because Kuehne falsely informed Customs, via a falsified 7512 form,[1] that Kentucky Container was the bonded carrier for "in-bond entry number 750486590 dated 11/04/2020," which was deemed "an irregular delivery" because the merchandise was not delivered to the port of exportation by the specified date of December 4, 2020. *Id.* at 6 (¶ 11), 13. In fact, while Kentucky Container was the carrier, and the shipment was in-bond, Kentucky Container had explicitly refused Kuehne the right to use its bond. *Id.* at 6 ¶ 11. Specifically, a Kuehne employee contacted Kentucky Container employee Brant Wood and requested Kentucky Container's bond information, and Wood refused to provide the requested information. *Id.* at 7 ¶ 15. Nevertheless, Kuehne used Kentucky Container's bond on the 7512 form it submitted to Customs without a Power of Attorney ("POA") or Kentucky Container's authorization. *Id.* at 6–7 ¶¶ 12–14.

---

[1] In its Complaint, Kentucky Container explains exactly how Kuehne did this via a summary of communications exchanged between Kuehne employees and others. *See* [R. 1–1, Ex. A, pp. 7–11, ¶¶ 13–39]. However, because the communications are not essential to the resolution of this matter, the Court will not recite them here.

Upon receipt of the Notice from Customs, on January 14, 2021, Tom Zaremba, ostensibly an employee or representative of Kentucky Container (the Complaint does not clarify), emailed Hapag Lloyd, the cargo carrier who retained Kentucky Container's services, and requested him to contact Kuehne and obtain a copy of Kuehne's POA and communications authorizing Kuehne's use of Kentucky Container's bond, both of which Kentucky Container knew Kuehne lacked given Kentucky Container's previous refusal to provide its bond information. *Id.* at 6–7 ¶¶ 12–15. Kentucky Container requested as much because, at that time, it was "unsure if it would be possible to get the $150,000 fine mitigated." *Id.* at 7 ¶ 14. However, Kentucky Container successfully obtained relief from Customs, mitigating the damages it suffered from Kuehne's "wanton and reckless behavior." *Id.* at 11 ¶ 42.

Kentucky Container alleges that Kuehne's actions violate 18 U.S.C. § 1001, which criminalizes willfully and knowingly submitting a false statement to a governmental agency. *Id.* ¶ 41. Accordingly, Kentucky Container seeks compensatory damages "sufficient to compensate [it] for the reputational harm" it suffered due to Kuehne's actions. *Id.* at 12 ¶ 2. In addition, Kentucky Container also seeks punitive damages to "deter" Kuehne and others from engaging in such behavior in the future. *Id.* ¶ 3.

**II.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" so long as the complaint's factual allegations "allow the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 577). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The process of determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to the [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

### III. ANALYSIS

In its Motion, Kuehne argues that Kentucky Container's Complaint should be dismissed because "there is no private cause of action under 18 U.S.C. § 1001 as erroneously contended by [Kentucky Container]." [R. 12, p. 2] (emphasis in the original). In Response, Kentucky Container contends that it does **not** seek a private cause of action under 18 U.S.C. § 1001, but rather recovery under KRS § 446.070 due to Kuehne's violation of KRS § 517.050, which criminalizes falsification of business records. [R. 13, p. 2]. The problem with Kentucky Container's counterargument, however, is that Kentucky Container only pleaded a violation of 18 U.S.C. § 1001 in its Complaint:

> 18 U.S.C. 1001 criminalizes willfully and knowingly submitting a false statement to a governmental agency. In *United States v. Lichenstein*, 160 F2d 1272 (5th Cir. 1980) the Court applied this statute to a falsified form 7512.

[ R. 1–1, p. 11 ¶ 41]. A plain reading of the Complaint reflects it is the *sole* cause of action pleaded by Kentucky Container. *See generally* [R. 1–1]. As argued by Kuehne, there is no private cause of action under the statute. *See Setzer v. First Choice Lending Servs., LLC*, No. 18–5192, 2018 U.S. App. LEXIS 25681, at *8 (6th Cir. Sep. 10, 2018) ("Similarly, 18 U.S.C. § 1001 is a criminal statute that does not provide a private cause of action."); *Moore v. Kentucky*, No. 4:10–CV–67–M, 2010 U.S. Dist. LEXIS 90341, at *11 (W.D. Ky. Aug. 30, 2010) ("Plaintiff alleges a violation of 18 U.S.C. §[] 1001 … which do[es] not provide for a private right of action."); *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp.3d 704, 711 (N.D. Ohio 2014) ("[T]here exists no independent, private cause of action for an alleged violation of 18 U.S.C. § 1001."). Accordingly, Kentucky Container's claim under 18 U.S.C. § 1001 fails as a matter of law.

Further, nothing in the Complaint states (or even hints at) a cause of action under KRS § 446.070 and/or KRS § 517.050. *See* [R. 1–1]. Instead, Kentucky Container attempts to bring its claims under KRS § 446.070 and KRS § 517.050 for the first time in its Response. [R. 13, p. 2 ¶ 3]. As mentioned, Kentucky Container did not plead violations of the Kentucky statutes in its Complaint. *See* [R. 1–1]. Kentucky Container may not "amend [its] complaint in an opposition brief or ask the court to consider new allegations … not contained in the complaint." *Bates v. Green Farms Condo Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). As such, the Court will not consider Kentucky Container's KRS § 517.050 claim or its corresponding claim for recovery under KRS § 446.070 since it is an improper attempt to amend the Complaint and insert new allegations in a response brief. *See Faber v. Smith*, No. 17–2523, 2018 U.S. App. LEXIS 15343,

at *6 (6th Cir. 2018) (citing *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 666 (6th Cir. 2012)) ("A plaintiff cannot raise new legal claims in response to a dispositive motion filed by the defendant."); *Prewitt v. Gerber Life Ins. Co.*, No. 6:20–CV–27–REW–HAI, 2021 U.S. Dist. LEXIS 29386, at *24 (E.D. Ky. Feb. 17, 2021) (quoting *Bates*, 958 F.3d at 483–84) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."); *see also Lakey v. Univ. of Mich. Hosp.*, No. 2:15–cv–11758, 2017 U.S. Dist. LEXIS 228771, at *15 (E.D. Mich. Jan. 19, 2017) (citing *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007)) ("Where a claim or theory of liability is not set forth in the complaint, it is deemed waived.").

Finally, because Kentucky Container has failed to allege a viable cause of action against Kuehne, its claim for punitive damages fails as a matter of law. *See Yonts v. Easton Tech. Prods.*, Civil Action No. 3:11–cv–535–DJH, 2015 U.S. Dist. LEXIS 68224, at *18 (W.D. Ky. May 27, 2015) (quoting *Dalton v. Animas Corp.*, 913 F. Supp.2d 370, 378 (W.D. Ky. 2012)) ("Absent an underlying cause of action, any claim for punitive damages is baseless. This is because 'a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action.'").

## IV. CONCLUSION

For the reasons stated above, the Court will grant Kuehne's Motion to Dismiss, [R. 12]. Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Dismiss filed by Defendant Kuehne + Nagel Inc. [R. 12] is **GRANTED**.
2. Plaintiff Kentucky Container Service Inc.'s Complaint is **DISMISSED** and **STRICKEN** from the Court's **ACTIVE DOCKET**.

This the 11th day of April, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY